IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § | CIVIL ACTION NO. 6:20-cv-533-ADA |
| Plaintiff, | § | CIVIL ACTION NO. 6:20-cv-534-ADA |
| | § | CIVIL ACTION NO. 6:20-cv-535-ADA |
| | § | CIVIL ACTION NO. 6:20-cv-536-ADA |
| | § | CIVIL ACTION NO. 6:20-cv-537-ADA |
| | § | CIVIL ACTION NO. 6:20-cv-538-ADA |
| | § | CIVIL ACTION NO. 6:20-cv-539-ADA |
| v. | § | CIVIL ACTION NO. 6:20-cv-540-ADA |
| | § | CIVIL ACTION NO. 6:20-cv-541-ADA |
| | § | CIVIL ACTION NO. 6:20-cv-542-ADA |
| | § | CIVIL ACTION NO. 6:20-cv-543-ADA |
| | § | CIVIL ACTION NO. 6:20-cv-544-ADA |
| HUAWEI TECHNOLOGIES CO., LTD. and HUAWEI TECHNOLOGIES USA INC., | § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

## PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

Defendants filed nearly identical counterclaims for non-infringement and invalidity in each of the above-captioned cases. The counterclaims contain no factual allegations to support Defendants' claims. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development files this Motion to Dismiss Defendants' counterclaims.

## ARGUMENT AND AUTHORITIES

### A.    Rule 12(b)(6) Standard

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 556).

Courts use the same standard in ruling on a motion to dismiss a counterclaim under Rule 12(b)(6) as they do in assessing a claim in a complaint.  Thus, "to survive a motion to dismiss, counterclaims for declaratory judgment of non-infringement and invalidity must meet the pleading requirements set forth in *Iqbal* and *Twombly*." *SecurityProfiling, LLC v. Trend Micro Am., Inc.*, 616CV01165RWSJDL, 2017 WL 5150682, at *4 (E.D. Tex. Mar. 21, 2017), *report and recommendation adopted*, 616CV01165RWSJDL, 2017 WL 1950810 (E.D. Tex. May 11, 2017)

**B.     Defendants' declaratory judgment counterclaims fail to state a claim.**

Defendants' counterclaim for non-infringement contains no supporting facts—much less sufficient facts—to plausibly allege a counterclaim for non-infringement. Likewise, Defendants' counterclaim for invalidity merely lists the statutory provisions without providing any facts supporting Defendants' counterclaim for invalidity. Thus, "both the counterclaims of non-infringement and invalidity are conclusory and unsupported by any factual allegations" and "do not meet the particularized pleading requirements set forth in *Iqbal* and *Twombly* to sufficiently state a claim for relief." *See SecurityProfiling, LLC*, 2017 WL 5150682, at *5 (E.D. Tex. Mar. 21, 2017), *report and recommendation adopted*, 2017 WL 1950810 (E.D. Tex. May 11, 2017).  Defendants' counterclaims should be dismissed.

If Defendants' counterclaims are not dismissed, Defendants should be required to amend to put Plaintiff on fair notice of the factual allegations supporting Defendants' claims.  *e-Watch, Inc. v. ACTi Corp. Inc.*, SA-12-CA-695, 2013 WL 12121105, at *3 (W.D. Tex. Apr. 22, 2013)

(requiring defendant to amend counterclaim that simply "list[ed] the elements of the claim without providing the requisite guidance in identifying the factual basis for each claim of invalidity").

Therefore, Plaintiff respectfully requests that the Court enter an order dismissing Defendants' counterclaims.

Dated:   October 6, 2020                                  Respectfully submitted,

                                                          */s/ Travis Richins*

                                                          James L. Etheridge
                                                          Texas State Bar No. 24059147
                                                          Ryan S. Loveless
                                                          Texas State Bar No. 24036997
                                                          Brett A. Mangrum
                                                          Texas State Bar No. 24065671
                                                          Travis Lee Richins
                                                          Texas State Bar No. 24061296
                                                          ETHERIDGE LAW GROUP, PLLC
                                                          2600 E. Southlake Blvd., Suite 120 / 324
                                                          Southlake, Texas 76092
                                                          Telephone: (817) 470-7249
                                                          Facsimile: (817) 887-5950
                                                          Jim@EtheridgeLaw.com
                                                          Ryan@EtheridgeLaw.com
                                                          Brett@EtheridgeLaw.com
                                                          Travis@EtheridgeLaw.com
                                                          ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I certify that on October 6, 2020 the foregoing document was served upon all counsel of record via the court's electronic filing system in accordance with the Federal Rules of Civil Procedure.

*/s/ Travis Richins*
Travis Richins
